SHIELDS, J.
■ Error is prosecuted to the action of the court below in sustaining a motion for judgment upon the pleadings herein, and ihe plaintiff in error not desiring to plead further, judgment was entered on said motion in favor of the defendant in error, and by a petition in error filed herein the plaintiff in error seeks to reverse said judgment.
*97 In the court below a petition was filed by the plaintiff corporation, defendant in error herein, to recover of the defendant below, plaintiff in error herein, the sum of two hundred and fifty dollars under the terms of a certain policy of insurance known as “contractors’ employers’ liability policy,” issued by the plaintiff to the defendant indemnifying the defendant against loss “by reason of the liability imposed by law upon the assured for damages on account of bodily injuries including death at any time resulting therefrom, accidentally suffered or alleged to have been suffered through the assured’s negligence and while this- policy is in force, by any employe or employes of the assured while at or about the places designated in said declarations, or elsewhere, by reason of the prosecution of the work described in said declarations.”
‘ ‘ That there was attached to and made a part of said policy of insurance when the same was issued an indorsement providing that in view of a reduced premium rate for the limitation of plaintiff’s liability, providing that before recourse could be had against the plaintiff under the policy as issued for reimbursement or indemnification for liability for loss, the policy holder, the defendant, must have expended an amount in excess of two hundred and fifty dollars in effecting the settlement of any claim.”
“That on February 1, 1913, said policy of insurance (a copy of which is attached to said petition) was issued by the plaintiff to the defendant upon the payment of a certain advance estimated premium, the balance of said premium or consideration for said contract, to be subject to adjustment as based upon the actual pay-roll of the defendant company, during the life of said policy.”
“That said defendant company was at said time and afterward engaged in the manufacture of gray lime, and the mining of clay and coal, and had in its employ a number of employes, among them one James Lewis, who on March 15, 1913, was injured. That exercising its option contained in said policy of insurance, plaintiff made a settlement of the claim of said Lewis nuainst the defendant company by paying him therefor the sum *98 of three hundred dollars and took a full and complete release of all claims against the defendant company. Acting under the terms of said policy of insurance, the plaintiff thereupon forwarded said release to the defendant company and requested payment of the sum of two hundred and fifty dollars in accordance with the terms of said policy, which was refused, and judgment is prayed for said sum with interest.”
In its amended answer, for a first defense, the defendant admits that said policy of insurance was issued to it upon the-payment of certain premiums specified therein, and that said policy was indorsed thereon as set forth in said petition.
“It admits that about March 15, 1913, the said James Lewis was injured, and that the plaintiff made a settlement with him by paying him the sum of three hundred dollars and secured-from him a full release of all claims against the defendant, but it avers that said injury was not due to any fault or negligence of the defendant but was due solely to the negligence of said Lewis, and therefore there was no liability on the part of the defendant to said Lewis for said injury, all of which was known to the plaintiff wdien it adjusted said claim. That the defendant so notified said plaintiff and .demanded that plaintiff defend against said claim, and further, that said claim was groundless, and that if the plaintiff settled the same the defendant would not'pay any part of said settlement — that said policy was issued to the defendant to cover only such liability imposed by law upon the defendant occasioned by its negligence, and it denies each and every allegation not expressly admitted in said ground of defense.”
“For a.second defense it says that if by the terms of said policy the defendant was obliged to pay any part of the settlement of said claim, which it denies, it was expressly agreed between the plaintiff and the defendant that whatever settlement of said claim was made by the plaintiff it would be made entirely on the plaintiff’s own responsibility, and that the defendant would not be required to pay any part of the same, and with this agreement so made said claim was settled by the plaintiff, and the defendant asked that the plaintiff’s petition be dismissed.”
Upon these pleadings the plaintiff company below claimed *99 it was entitled to a judgment, and upon a motion submitted for ibis purpose, said motion was sustained, as already indicated.. This action on the part of the trial court is assigned as error.
The claim originally made by the defendant in error rests; in a contract in writing between it and the plaintiff in error, a. copy of which is attached to and made a part of the plaintiff’s, petition, and the legal rights of the parties hereto are fixed by the terms of said contract.
The execution and delivery of the policy of insurance by the-defendant in error, together with the indorsement thereon of a reduced premium rate being stipulated for the limitation of the liability of the defendant in error, the payment of premiums thereunder, that said Lewis, an employe of the plaintiff in error, was injured, and that the defendant in> error made settlement with him and procured from him a release of all claims-for damages against the plaintiff in error, are admitted, but the-plaintiff in error makes the claim that it ought not to be called' upon to respond to the payment of the sum of $250, provided for in the policy, first, because said employe was not injured by any act of negligence of the plaintiff in error, which fact was made known to the defendant in error before said settlement was made with said employe; secondly, that it was expressly agreed between said parties that if a settlement was made with said Lewis it should be entirely on the defendant in error’s responsibility and that the plaintiff in error would not be required to-pay any part of said settlement.
1. Looking to the contract, what do we find? Is there anything appearing therein admitting of two constructions, or any doubt or ambiguity arising out of the language employed there-in, affecting the rights of the insured, requiring a construction? In the ease of The Germania Fire Insurance Co. v. Schield, 69 Ohio St. 136 [68 N. E. 706; 100 Am. St. Rep. 663], it is held that
“Policies of insurance like all other contracts, should be reasonably construed, so as to give effect to the express words-, of the parties, and not to defeat their intention.”
The policy of insurance here sued upon in reciting the-conditions upon which it wss issued, and which is made a parfc *100 of said contract of insurance, under condition B therein provides, among other things, that
“The Corporation reserves the right to settle any claim or suit. ’ ’
The language here employed admits of but one interpretation. There is no room for construction, nor is there any limitation of power placed upon the defendant in error as to what claims or suits shall or shall not be settled by it. The defendant in error by the power thus given becomes the sole judge of what shall be done in the premises relating to the settlement of claims or suits, and whatever the nature of the claim, whether meritorious or otherwise, the exercise of the right of settlement inheres in the defendant in error under the terms of said policy. True it may seem that said policy by its terms is a harsh contract, but the presumption is that the plaintiff in error read and understood its provisions before signing it. Indeed there is no claim made that the provisions of the policy were not Understood at the time said contract was entered into. It cannot be overlooked, either, that in contracts of their character the power of deciding whether or not claims shall be adjusted must rest somewhere, otherwise the insurer might be subjected to expensive and vexatious litigation at the arbitrary will of the insured. It would seem, therefore,, that the provision referred to in said contract of insurance was inserted therein to avoid and prevent such litigation. So, then, applying the'rule laid down in the case cited “giving effect to the express words of the parties,” the duty of the court seems plain, and we hold that said clause under said condition B means just what the language therein plainly and unmistakably indicates, henee the claim of the plaintiff in error that the injury received ivas not caused by any act of negligence on its part cannot 'avail as against the exercise of the option to settle said claim by the defendant in error under the provisions of the policy. Had the plaintiff in error elected to surrender and have said policy cancelled, which it had the right to do under condition I) therein, it could then have had full control of said claim, but this it failed to do: at least did not do.
2. But it is contended by the plaintiff in error that after the defendant in error was made acquainted with the eireum- *101 stances under which said injury occurred and that it was not due to any neglect on the part of the plaintiff in error, the defendant in error agreed with the plaintiff in error that if a settlement was made with said Lewis by the defendant in error, that the latter should bear all responsibility and loss for such settlement. The defendant company having accepted and acted under said policy, it was bound by its terms and provisions. Condition L in said policy provides that
“No condition or provision of this policy shall be waived or limited except by written indorsement attached hereto, signed by the United States Managers, or the Assistant United States Manager, nor shall knowledge possessed by any agent or by any other person be held to effect a waiver or a change in any part of this contract.”
An examination of said second defense in said amended answer fails to show that any waiver of the conditions of said jjolicy was indorsed thereon signed by the United States Managers or the Assistant United States Manager, and as against this express provision no alleged agreement of whatever kind would avail to render said provision ineffective.
The judgment of the court of common pleas will therefore be affirmed.
Powell and Houck, JJ., concur.